38329. MORRIS v. OWEN *et al.*

GARDNER, Presiding Judge. In *Morris v. Owen,* ante, a husband was bringing suit for alleged damages to his wife's health because of facts set out in the petition. The case at bar is a suit brought by the wife for damages allegedly resulting

from the same cause. The trial court sustained general demurrers to the petiton, thus dismissing the petition. We have set out the pleadings in case number 38330 quite extensively. In that case there was no allegation that the husband knew of the continued use of the drugs by the wife. In the instant case the petition alleges in paragraph 4: "That . . . she did use the original prescription as provided therein, and did from time to time thereafter, the exact dates and times not known to petitioner, but well known to the defendants did refill said prescription and did use the same in large doses and did become addicted to the use thereof and to such an extent that she could not resist the desire therefor."

Paragraph 7 reads: "That said prescription was refilled by the defendants without any new prescription therefor, and without said prescription being renewed. . ." By amendment the following was added to this paragraph of the petition: "That by the use of said drug, the same being habit forming, her will power and power to resist the same was destroyed to such an extent that she became addicted thereto and could not resist purchasing and using the same when it was sold to her." It thus appears that the druggist sold habit-forming drugs to the defendant when she was beyond the pale of being able to determine and judge the possibilities of resulting damages to her health and mental powers. Consequently, the petition is not subject to general demurrer.

The court erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. Townsend, Carlisle and Frankum, JJ., concur.*

DECIDED JULY 11, 1960.

*James Maddox,* for plaintiff in error.
*Harry T. Lawrence,* contra.